UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-4429 DMG (PJWx)** | Date | August 14, 2015 |
|---|---|---|---|
| Title | *Patrick G. Whalen v. Wells Fargo Home Mortgage, et al.* | Page | 1 of 10 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE: MOTION TO DISMISS AND OSC RE PRELIMINARY INJUNCTION [8, 16, 22]**

**I.
PROCEDURAL BACKGROUND**

On June 11, 2015, Plaintiffs Patrick G. Whalen and Jennifer L. Whalen filed a Complaint against Defendants Wells Fargo Home Mortgage and Wachovia Mortgage Corporation alleging (1) fraud; (2) misrepresentation; and (3) violation of the Federal Trade Commission ("FTC") Act, 15 U.S.C. §45(a).[1]  [Doc. # 1.]

On July 6, 2015, Defendant Wells Fargo filed the instant motion to dismiss. [Doc. # 8.] On July 31, 2015, Plaintiffs filed an opposition. [Doc. # 21.] On August 7, 2015, Defendants filed a reply. [Doc. # 24.] A hearing on the matter is set for August 21, 2015.

On August 5, 2015, this Court granted Plaintiffs' *ex parte* application for a temporary restraining order ("TRO") enjoining Defendants from foreclosing upon or conducting a trustee's sale of the Subject Property located at 656 N. Glendora Avenue, Glendora, California, and set a hearing regarding Plaintiffs' request for a preliminary injunction. [Doc. # 22.] The Court held the hearing on August 14, 2015. Because Defendants' motion to dismiss raises issues that coincide with the Court's evaluation of Plaintiffs' likelihood of success on the merits for purposes of obtaining interim injunctive relief, the Court first addresses the motion to dismiss.

---

[1] Plaintiffs also list equitable estoppel among their claims, but this is a remedy, not an independent claim. *See Brown v. Holder*, 763 F.3d 1141, 1152 (9th Cir. 2014) ("Estoppel is . . . an equitable remedy."); *Atkins, Kroll (Guam), Ltd. v. Cabrera*, 295 F.2d 21, 23n. 5 (9th Cir. 1961) ("equitable estoppel may operate as a shield but never as a sword to create a new right or give a cause of action.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-4429 DMG (PJWx)** | Date | August 14, 2015 |
|---|---|---|---|
| Title | *Patrick G. Whalen v. Wells Fargo Home Mortgage, et al.* | Page | 2 of 10 |

Having carefully reviewed the parties' written submissions, the Court **GRANTS** Defendants' motion to dismiss.

## II.
## JUDICIAL NOTICE

Federal Rule of Evidence 201 permits a court to take judicial of facts not subject to reasonable dispute and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Defendants have submitted a request for judicial notice ("RJN") of the following documents in support of their motion to dismiss:

Notice of Default and Election to Sell Under Deed of Trust dated May 3, 2010, and recorded in the Official Records of the Los Angeles County Recorder's Office on May 5, 2010, as Instrument Number 20100610036 (Ex. 1);

Loan Modification Agreement (Deed of Trust) (Providing for Fixed Interest Rate) dated June 26, 2013, and recorded in the Official Records of the Los Angeles County Recorder's Office on August 21, 2013, as Instrument Number 20131228668 (Ex. 2); and

Notice of Default and Election to Sell Under Deed of Trust dated January 28, 2015, and recorded in the Official Records of the Los Angeles County Recorder's Office on February 12, 2015, as Instrument Number 20150160831 (Ex. 3).

RJN, Exs. 1-3 [Doc. # 9].

"A court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (internal citation omitted). Deeds of trust, notices of default, notices of trustee's sales, notices of assignment of deeds, and other similar documents recorded at the Los Angeles County Recorder's Office are matters of public record, and therefore subject to see judicial notice. *See Grant v. Aurora Loan Servs.*, Inc., 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010) (collecting cases). The Court hereby takes judicial notice of the requested documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-4429 DMG (PJWx)** | Date | August 14, 2015 |
| Title | *Patrick G. Whalen v. Wells Fargo Home Mortgage, et al.* | Page | 3 of 10 |

## III.
## FACTUAL BACKGROUND[2]

Around May 2007, Plaintiffs executed a mortgage note with World Savings, secured by the property located at 656 N. Glendora Avenue in Glendora, California ("Subject Property"). Complaint ¶ 6. The note was for an adjustable rate mortgage ("ARM") containing negative amortization features, and therefore was "predatory in nature," according to Plaintiffs. *Id.* Between December 2007 and March 2008, Wachovia acquired the note and security instrument. *Id.* Wachovia omitted the loan's negative amortization features so that Plaintiffs were unaware of the total amounts they were paying towards the loan. *Id.* ¶ 18.

On or about November 24, 2008, Ryan Grant of Watermark Mortgage, an agent of Wachovia, contacted Plaintiffs about refinancing their loan. *Id.* ¶ 7. Both Grant and Wachovia advised Plaintiffs that refinancing was mandatory, because Wachovia no longer serviced ARM loans. *Id.* Grant claimed that the refinance would "benefit" Plaintiffs. *Id.* ¶ 18.

In light of Grant and Wachovia's statements, Plaintiffs refinanced their original loan and obtained a loan of $606,250 in November 2008. *Id.* ¶ 7, Ex. 1. This refinanced loan was backed and insured by the Federal Housing Administration and secured by the Subject Property. *Id.* ¶ 7. Plaintiffs also secured a second mortgage in the amount of $44,500. *Id.* ¶ 8. As a result of this second loan, the combined loan-to-value ("CLTV") ratio was 104.12%. *Id.* After refinancing the loan, Plaintiffs' monthly payments increased from roughly $2,200 to $3,563.49. *Id.* ¶ 7.

On or about October 1, 2009, Wachovia transferred the servicing of the refinanced loan to Wells Fargo. *Id.* ¶ 9. On or around November 1, 2009, Plaintiffs defaulted on their refinanced loan. RJN, Ex. 1. On or around May 5, 2010, Wells Fargo issued a notice of default against the Subject Property. *Id.*, Ex. 3.

Around May 2013, Plaintiffs contacted Defendants to inquire about loan modification options due to their financial inability to afford their mortgage payments. *Id.* ¶ 10. Defendants refused to allow Plaintiffs to modify the loan, asserting that Plaintiffs had previously received a loan modification, and therefore could not modify again. *Id.* Plaintiffs had not previously received a loan modification from Defendants at that time. *Id.* Plaintiffs subsequently made numerous mortgage payments towards loans they could not afford. *Id.* ¶ 21. On or around June

---

[2] The Court accepts all material factual allegations in the complaint as true solely for purposes of deciding the motion to dismiss, except where they contradict documents that are attached to the complaint or subject to judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-4429 DMG (PJWx)** | Date | August 14, 2015 |
|---|---|---|---|
| Title | *Patrick G. Whalen v. Wells Fargo Home Mortgage, et al.* | Page | 4 of 10 |

26, 2013, Plaintiffs entered into a Loan Modification Agreement providing for a fixed interest rate of 3.875%, and re-amortizing the loan for another 30-year term. RJN, Ex. 2.

On or about December 26, 2014, Plaintiffs submitted a complaint to the Federal Housing Administration ("FHA") alleging that the refinanced loan violated federal guidelines because the CLTV exceeded 100%. *Id*. ¶ 11.

On or about January 28, 2015, Wells Fargo issued a notice of default and election to sell the Subject Property under deed of trust. RJN, Ex. 3. On or about April 27, 2015, Plaintiffs received correspondence from Wells Fargo indicating that foreclosure proceedings on the Subject Property had begun. *Id*. ¶ 12. The foreclosure proceedings have been attributed to Plaintiffs and reported to credit reporting agencies and bureaus. *Id.* ¶ 21.

## IV.
## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). On a motion to dismiss, a court can consider documents attached to the complaint, documents incorporated by reference in a complaint, or documents subject to judicial notice. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

To survive a 12(b)(6) motion, a complaint must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Although a pleading need not contain "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully" or "facts that are 'merely consistent with a defendant's liability." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-4429 DMG (PJWx)** | Date | August 14, 2015 |
| Title | *Patrick G. Whalen v. Wells Fargo Home Mortgage, et al.* | Page | 5 of 10 |

In evaluating the sufficiency of a complaint, courts must accept all factual allegations as true. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). Legal conclusions, in contrast, are not entitled to the assumption of truth. *Id*. Additionally, the court is not required to accept as true allegations that contradict documents that are attached to the complaint, incorporated by reference in the complaint, or subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Should a court dismiss certain claims, it must also decide whether to grant leave to amend. Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading with the court's leave, and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Moss v. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (leave to amend should be granted with "extreme liberality"). "Leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*)).

## V.
## DISCUSSION

### A. Fraud and Negligent Misrepresentation

Under California law, the elements of fraud are (1) misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) justifiable reliance, and (5) resulting damages. *Lazar v. Superior Court*, 12 Cal. 4th 631, 638, 49 Cal. Rptr. 2d 377 (1996). "The elements of a cause of action for negligent misrepresentation are the same as those of a claim for fraud, with the exception that the defendant need not actually know the representation is false." *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003).

Federal Rule of Civil Procedure 9(b) requires that the circumstances of a claim for fraud or misrepresentation[3] be pled with particularity. Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Kearns*

---

[3] "The Ninth Circuit has not yet decided whether Rule 9(b)'s heightened pleading standard applies to a claim for negligent misrepresentation, but most district courts in California hold that it does." *Gilmore v. Wells Fargo Bank N.A.*, 75 F. Supp. 3d 1255 (N.D. Cal. 2014) (collecting cases); *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1163 (N.D. Cal. 2013) ("District courts in the Ninth Circuit regularly apply the Rule 9(b) pleading standard to negligent misrepresentation claims sounding in fraud."). In line with the majority of district courts in California, this Court finds that a claim for misrepresentation sounds in fraud and the heightened pleading standard of Rule 9(b) applies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-4429 DMG (PJWx)** | Date | August 14, 2015 |
|---|---|---|---|
| Title | *Patrick G. Whalen v. Wells Fargo Home Mortgage, et al.* | Page | 6 of 10 |

*v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal citations omitted). The particularity requirement of Rule 9(b) applies with equal force to state and federal claims. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).

Here, the Complaint asserts that the first alleged fraud occurred on or about November 24, 2008, when an individual named Ryan Grant of Watermark Mortgage "contacted" Plaintiffs and informed them that it was mandatory that they refinance their home loan. Grant was an agent of Wachovia, and both Grant and Wachovia advised Plaintiffs that the refinance was mandatory. Plaintiffs claim that they were damaged in that they could not afford the payments on the refinanced loan and presumably would not have refinanced the loan had they not been told it was mandatory.

The other misrepresentation at issue is that Defendants allegedly informed Plaintiffs in May 2013 that they could not modify their loan because Plaintiffs had previously received a loan modification. Plaintiffs subsequently entered into a modified loan agreement on June 26, 2013.

The Court addresses below the various pleading defects identified by Defendants in their motion to dismiss.

1.      **Time-Bar Issues**

Claims sounding in fraud are subject to a three-year limitations period. Cal. Civ. Proc. Code § 338(d); *W. Filter Corp. v. Argan, Inc.*, 540 F.3d 947, 951 (9th Cir. 2008) ("the statute of limitation for an action for relief on grounds of fraud is three years."). Courts have differed as to whether, under California law, negligent misrepresentation sounds in fraud, and is therefore subject to a three-year statute of limitations, or sounds in negligence, in which case it is subject to a two-year statute of limitations, but most have found it to sound in fraud. *See Das v. WMC Mortgage Corp.*, 831 F. Supp. 2d 1147, 1166 (N.D. Cal. 2011) (section 338(d) three-year statute of limitations is applicable to both negligent misrepresentation and fraud); *Broberg v. Guardian Life Ins. Co. of Am.*, 171 Cal. App. 4th 912, 920, 90 Cal. Rptr. 3d 225, 231 (2009) ("The limitations period for . . . fraud and negligent misrepresentation claims is three years."); *Gowen v. Tiltware LLC*, 437 F. App'x 528 (9th Cir. 2011) (applying three-year statute of limitations to both fraud and negligent misrepresentation). As discussed in n. 3, *supra*, the majority of district courts in California do treat negligent misrepresentation as sounding in fraud for purposes of the heightened pleading standard of Rule 9(b). In any case, because Plaintiff's claim as currently pled would be barred either the two-year or three-year statute of limitations, the Court finds the fraud and negligent misrepresentation claims time-barred without deciding which limitations period applies.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-4429 DMG (PJWx)** | Date | August 14, 2015 |
| Title | *Patrick G. Whalen v. Wells Fargo Home Mortgage, et al.* | Page | 7 of 10 |

A cause of action for fraud or mistake does not accrue until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake. *Id.*; *see also Brandon G. v. Gray*, 111 Cal. App. 4th 29, 35, 3 Cal. Rptr. 3d 330, 334 (2003) ("[The date a fraud claim accrues] is the date the complaining party learns, or at least is put on notice, that a representation was false."). "The discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action." *Rosas v. BASF Corp.*, 236 Cal. App. 4th 1378, 1389, 187 Cal. Rptr. 3d 354, 361 (2015), *review filed* (June 30, 2015). "For the [discovery] rule to apply, a plaintiff must specifically plead facts to show (1) the time and manner of discovery of facts constituting the fraud and (2) the inability to have made earlier discovery despite reasonable diligence." *Marino v. Countrywide Fin. Corp.*, 26 F. Supp. 3d 955, 962 (C.D. Cal. 2014), *aff'd*, 602 F. App'x 403 (9th Cir. 2015) (internal citation, quotation marks, and brackets omitted).

Plaintiffs do not allege when they became aware that Grant's November 2008 statement that they were required to refinance their loan was false, and it is not clear from the facts alleged when or whether they should have known.[4] Similarly, they do not allege when they became aware that Defendants' May 2013 statement that Plaintiffs could not modify their loan was false.

Because the second statement was made less than three years ago, in May 2013, the claim is not time-barred. As the complaint is currently pled, the fraud claim based on the alleged statement made in 2008 is time-barred. Plaintiffs have therefore failed to state a claim for fraud or negligent misrepresentation claim based on Grant's 2008 statement. *See Montgomery v. Nat'l City Mortgage*, No. C-12-1359 EMC, 2012 WL 1965601, at *9 (N.D. Cal. May 31, 2012) (dismissing a mortgage-related claim for fraud where the complaint did not provide a specific statement of the date when plaintiff discovered the lender's alleged misrepresentation was false, and stated only that plaintiff "did not become aware of the nature and scope of his lender's wrongful acts until he faced foreclosure upon his home."); *Faulkner v. Burton*, 126 Cal. App. 2d 210, 213 (1954) ("In cases where relief is sought from fraud, by action commenced more than

---

[4] Plaintiffs state in their opposition to the MTD that "Plaintiff did not even have suspicions of Defendant's wrongdoing until early 2015." Opp. at 6. This fact is not alleged anywhere in the complaint, and does not provide any facts regarding how or when Plaintiffs discovered that the statement was false or any plausible basis to support the claim that it was in fact false.

Defendants contend that Plaintiffs "cannot possibly plead delayed discovery" because Plaintiffs should have discovered the alleged unaffordability of the loan when they defaulted in 2010. MTD at p. 5 n. 3. A cause of action for fraud begins to accrue when a plaintiff discovers that the statement at issue was false, not when she begins to suffer the damages. Here, the allegedly false statement was that Plaintiffs were required to refinance their loan, not that that loan was affordable. It is plausible that there is a set of facts that Plaintiffs can plead that would state a claim for fraud that is not time-barred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 15-4429 DMG (PJWx)** | Date | August 14, 2015 |
|---|---|---|---|
| Title | *Patrick G. Whalen v. Wells Fargo Home Mortgage, et al.* | Page | 8 of 10 |

three years after the perpetration of the fraud, the plaintiff is held to stringent rules of pleading and evidence; and especially must there be distinct averments as to the time when the fraud was discovered and what the discovery is . . . A general allegation of ignorance at one time and knowledge at another is of no effect.") (internal citation and quotation marks omitted).

Because it is not clear to the Court that the pleading could not possibly be cured by the allegation of other facts to demonstrate tolling of the limitations period, leave to amend is appropriate.

### 2. Agency Relationship Between Grant and Wachovia

Defendants' motion to dismiss Plaintiffs' fraud and misrepresentation claims based on Grant's 2008 statement is granted on the basis that they are time-barred. It is also the case that "where a plaintiff alleges that a defendant is liable for fraud under an agency theory, Rule 9(b) requires that the existence of the agency relationship be pled with particularity." *Jackson v. Fischer*, 931 F. Supp. 2d 1049, 1061 (N.D. Cal. 2013) (internal citation omitted). "[W]here a plaintiff alleges that a defendant is liable for fraud under an agency theory, Rule 9(b) requires that the existence of the agency relationship be pled with particularity." *Id.*

Here, Plaintiffs assert only conclusorily that Grant is "an agent of Wachovia" and that "[b]oth Grant and Wachovia advised Plaintiffs that refinancing was mandatory[.]" Complaint at ¶ 7. Plaintiffs have not plausibly pled an agent-principal relationship between Grant and Wachovia with sufficient factual specificity to survive a motion to dismiss.

Defendants' motion to dismiss Plaintiffs' fraud and misrepresentation claims based on Grant's 2008 statement is **GRANTED** with leave to amend as to the agency relationship.

### 3. Grant's November 2008 Statement and Wells Fargo's May 2013 Statement

Even if Grant's alleged November 2008 misrepresentation were not time-barred or defective as to the pleading of the agency relationship, the Complaint does not state any facts demonstrating why the 2008 refinanced loan was inferior to Plaintiffs' original ARM loan, which Plaintiffs describe as "predatory in nature," or that they would have been able to afford the payments on their original loan had they not refinanced it. Thus, Plaintiffs have not plausibly stated a claim for intentional or negligent misrepresentation that caused them to sustain damages.

The remaining basis for Plaintiff's fraud claim is that in May 2013 Defendants refused to modify Plaintiffs' loan and asserted that Plaintiffs could not modify their loan because they had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-4429 DMG (PJWx)** | Date | August 14, 2015 |
| Title | *Patrick G. Whalen v. Wells Fargo Home Mortgage, et al.* | Page | 9 of 10 |

already modified their loan once. Defendants assert that this claim is demonstrably false because Plaintiffs were, in fact, provided with a loan modification on June 26, 2013.[5] RJN, Ex.2.

Plaintiffs are correct that a Rule 12(b)(6) is not the proper vehicle for assessing the veracity of a plaintiff's allegations, and that the Court is to "construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor." *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010). The *Iqbal* standard, however, requires that a claim have "facial plausibility" to survive a motion to dismiss. 556 U.S. at 678.

This Court has taken judicial notice of a Loan Modification Agreement between Plaintiffs and Wells Fargo dated June 26, 2013 and signed by Plaintiffs on July 11, 2013. RJN, Ex. 2. In light of this document, Plaintiffs' allegation that in May 2013 Defendants refused to modify Plaintiffs' loan and asserted that they could not modify their loan is not plausible. Even if this allegation were plausible, the sequence of events pleaded and demonstrated by the relevant documents belies any assertion the Plaintiffs justifiably relied on the alleged misrepresentation or suffered damages as a result.

Because it is not clear to the Court that there is no set of facts Plaintiffs could allege that would constitute a valid claim for fraud or misrepresentation by Wells Fargo regarding a requested loan modification, leave to amend is appropriate.

Defendants' motion to dismiss Plaintiffs' fraud and misrepresentation claims based on Defendants' May 2013 is therefore **GRANTED** with leave to amend.

B.      Violation of Section 45(a) of the FTC Act

Plaintiffs bring a third cause of action for violation of section 45 the FTC Act, which prohibits "unfair or deceptive practices in or affecting commerce." 15 U.S.C. § 45(a). It is well settled that there is no private right of action for unfair competition under the FTC Act. *Moore v. New York Cotton Exch.*, 270 U.S. 593, 603, 46 S. Ct. 367, 368, 70 L. Ed. 750 (1926) (relief for claims of unfair competition under the FTC Act "must be afforded in the first instance by the commission."); *see also Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973) ("The protection against unfair trade practices afforded by the Act vests initial remedial power solely in the Federal Trade Commission."); *Izenberg v. ETS Servs.*, LLC, 589 F. Supp. 2d 1193, 1201

---

[5] Defendants assert in the MTD that Wells Fargo provided Plaintiffs with a modification of the loan in "November of 2013." MTD at 5. The loan modification agreement of which the Court has taken judicial notice is dated June 26, 2013, and the Court therefore assumes that this is the correct date.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 15-4429 DMG (PJWx)** | Date | August 14, 2015 |
| Title | *Patrick G. Whalen v. Wells Fargo Home Mortgage, et al.* | Page | 10 of 10 |

(C.D. Cal. 2008) ("the FTC Act does not provide a private right of action."). Plaintiffs have therefore failed to state a claim under the FTC Act as a matter of law. It would be futile to allow amendment to the FTC Act claim, because there is no set of facts that Plaintiffs can plead that would change the fact that there is no private right of action under that Act. The motion to dismiss this claim is therefore **GRANTED** with prejudice.

## V.
## CONCLUSION

In light of the foregoing, Defendants' motion to dismiss is **GRANTED** with leave to amend as to the fraud and misrepresentation claims and with prejudice as to the FTC Act claim. Plaintiffs shall file any amended complaint by **September 1, 2015** and Defendants shall file their response within 15 days after the service and filing of an amended complaint. The hearing on Defendants' motion to dismiss set for August 21, 2015 is **VACATED**.

Given that the Court has dismissed Plaintiffs' complaint, there is no basis upon which to maintain the TRO. Having considered fuller briefing of the issues, the Court concludes that Plaintiffs have not raised serious issues going to the merits of their claims, let alone demonstrated the likelihood of success on the merits. The Court therefore **VACATES** the TRO and denies the request for a preliminary injunction. Nonetheless, the Court urges Defendants to voluntarily refrain from foreclosure on the subject property until after a complete disposition of this action.

**IT IS SO ORDERED.**